FILED

JAN 2 5 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 10-21023-E-11
)
MARK'S SPORTS BAR & GRILL, INC., )
)
Debtor. )
_____ )

## FINDING OF FACTS AND CONCLUSIONS OF LAW

An Emergency Motion has been filed by Mark's Sports Bar & Grill, Inc., the Debtor in Possession for Order Authorizing Use of Existing Debtor in Possession Account established during the prior Chapter 11 case, no. 08-33142, which was dismissed on January 8, 2010. Upon review of the Emergency Motion, Declaration of Billy Mark Adelhelm, the pleadings in this case, and the pleadings in case no. 08-33142 relating to the dismissal of that Chapter 11 case, good cause appearing, the Court granted the Emergency Motion.

### FINDINGS OF FACT

1. The present bankruptcy case was filed on January 15, 2010, seven days after the court entered an order dismissing the prior small business Chapter 11 case, no. 08-33142, filed by this same debtor.

2. In case no. 08-33142 the Debtor in Possession bank account was maintained at Wells Fargo Bank, account no. 3546992441.

3. The December 2009 Monthly Operating Report filed by the Debtor in Possession in case no. 3546992441 states that the only post-petition liability in that case was $2,554 for sales taxes. No current or long term vendor or supplier accounts payable are stated by the Debtor in Possession.

4. Billy Mark Adelhelm provided his declaration, which incorporate paragraphs 1 through 8 of the Emergency Motion into his declaration, testifying under penalty of perjury to various alleged facts, including:

   i. On or about January 22, 2010, upon being advised on the second Chapter 11 filing, Wells Fargo Bank froze account no. 3546992411. Emergency Motion, paragraph 5.

   ii. After the commencement of case no. 10-21023, the Debtor in Possession continued to used account no. 3546992411 in the post-petition operation of the Estate's business. In the course of operating the Estate's business the Debtor in Possession issued checks and authorized payment of regular monthly expenses. Emergency Motion, paragraphs 4 and 6.

   iii. Wells Fargo Bank is not allowing any payments, whether authorized by check or as automatic payment, to be made from account no. 3546992411. Emergency Motion, paragraph 6.

   iv. None of the monies in account no. 3546992411 constitute the use of cash collateral which require an order of the court for use by the Debtor in Possession. Emergency Motion, paragraph 7.

v. The only checks or automatic payments to be made by the Debtor in Possession are those arising from the time of filing the present Chapter 11 case on January 15, 2010. Emergency Motion, paragraph 6.

### CONCLUSIONS OF LAW

5. Local Rule 5008-1, Eastern District Local Rules of Procedure, requires the Debtor to close all pre-petition bank accounts upon the commencement of a Chapter 11 case.

6. The facts in the present Chapter 11 case, in light of the filing of a second Chapter 11 case and the information provided in the December 2009 Monthly Operating Report, which has been signed under penalty of perjury by Mark Adelhelm, indicate that this is one of the rare exceptions to the rule requiring the establishment of a new operating account for a Chapter 11 debtor.

7. The order authorizing the Debtor in Possession to maintain account no. 3546992411 as the Debtor in Possession account in case no. 10-21023, does not authorize the use of cash collateral or the payment of any pre-petition claims.

Dated: 1/25/2010

By the Court

RONALD H. SARGIS
United States Bankruptcy Judge

3